T.C. Memo. 1998-386

UNITED STATES TAX COURT

TADEUSZ SMUS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19692-97.                    Filed October 28, 1998.

Tadeusz Smus, pro se.

<u>Eric R. Skinner</u>, for respondent.


MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  In a notice of deficiency issued to Tadeusz
Smus, on July 1, 1997, respondent determined the following
deficiencies in and additions to Mr. Smus' Federal income taxes:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1991 | $26,554 | $6,639 | $1,529 |
| 1992 | 32,085 | 8,021 | 1,399 |

| 1993 | 37,731 | 9,433 | 1,584 |
| 1994 | 2,456 | 473 | 93 |
| 1995 | 9,596 | 1,895 | 401 |

All section references are to the Internal Revenue Code in effect for the years in issue.  When Mr. Smus filed his petition, on September 29, 1997, he resided in Rockford, Michigan.  Mr. Smus did not file Federal income tax returns relating to the years in issue.

Respondent contends that Mr. Smus received and failed to report self-employment income relating to 1991, 1992, and 1993. In the notice of deficiency issued to Mr. Smus, respondent informed Mr. Smus that "In the absence of adequate records, your gross receipts for the taxable years ended December 31, 1991, 1992 and 1993 have been computed by reference to bank deposits." The notice delineates that respondent further determined that Mr. Smus failed to report, in 1993, 1994, and 1995, installment sale gain and interest income, and, in 1994 and 1995, wages from AutoDie International.  Mr. Smus contends that respondent's determinations are arbitrary.

Where the issue in dispute is the taxpayer's receipt of income, the Court of Appeals for the Sixth Circuit, where an appeal would lie, has recognized:

> It is a sound principle that "[a] deficiency determination which is not supported by the proper foundation of substantive evidence is clearly arbitrary and erroneous," and that the Commissioner "cannot rely on the presumption [of correctness] in the absence of a

minimal evidentiary foundation" even when the taxpayer offers no concrete evidence.  [United States v. Walton, 909 F.2d 915, 919 (6th Cir. 1990) (quoting Weimerskirch v. Commissioner, 596 F.2d 358, 361, 362 (9th Cir. 1979), revg. 67 T.C. 672 (1977)); citations omitted.]

In addition, the Court of Appeals has held that where there is no presumption of correctness arising out of the Commissioner's determination, it is "the duty of the government affirmatively to prove its case."  Weir v. Commissioner, 283 F.2d 675, 682 (6th Cir. 1960), revg. and remanding T.C. Memo. 1958-158.

At trial, petitioner sufficiently challenged the contents of the notice.  Respondent introduced into evidence the notice of deficiency but, inexplicably, did not introduce any other evidence (e.g., wage statements from AutoDie International or bank records) or call any witnesses (e.g., individuals involved with the audit or preparation of the alleged bank deposits analysis).  After asking Mr. Smus to identify the notice, respondent rested without any mention of, or any attempt to elicit any information about, Mr. Smus' alleged income-generating activities.  Although the Court of Appeals has not defined a "minimal evidentiary foundation", a notice of deficiency is not a foundation for itself.  Because respondent failed to establish the requisite foundation, his determinations were arbitrary, erroneous, and, therefore, not entitled to a presumption of correctness.  As a result, respondent was required to come forward with evidence to establish the existence and amount of

Mr. Smus' deficiency.  See <u>Jackson v. Commissioner</u>, 73 T.C. 394, 401 (1979); see also <u>Weir v. Commissioner</u>, <u>supra</u> at 682. Respondent failed to do so.  Accordingly, we hold for petitioner.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.